NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSA GOMEZ DE CASTRO; DILICIA
CASTRO GOMEZ; JOSE CASTRO
GOMEZ; SANTOS BRENDA CASTRO
GOMEZ; KEVIN ADONAY ORELLANA
CASTRO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-853

Agency Nos.
A220-502-453
A220-502-449
A220-502-450
A220-502-451
A220-502-452

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025[**]
San Francisco, California

Before: N.R. SMITH and JOHNSTONE, Circuit Judges, and CHRISTENSEN,
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Rosa Elena Gomez de Castro and her family, natives and citizens of El Salvador, petition for review of an order from the Board of Immigration Appeals ("BIA") dismissing their appeal of an order from an Immigration Judge ("IJ") (collectively, "the Agency"), which denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). "[O]ur review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We deny the petition.

To establish eligibility for asylum and withholding of removal, an applicant must show the existence of a nexus between past or feared future persecution and a statutorily protected ground. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A); *Barajas-Romero v. Lynch*, 846 F.3d 351, 356–57 (9th Cir. 2017). Contrary to Petitioners' contention, substantial evidence, including Gomez De Castro's testimony, supports the Agency's finding that Petitioners' proposed social

---

[1] Petitioners did not challenge the Agency's (1) denial of withholding of removal or CAT relief or (2) the finding that they did not meet the asylum nexus standard on account of their imputed or actual political opinions in their opening brief. Therefore, they have abandoned those issues. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015).

group—witnesses of criminal gang activity—lacked social distinction. The record does not demonstrate that Salvadorean society "perceives, considers, or recognizes" individuals who witness criminal gang activity as socially distinct. *Reyes v. Lynch*, 842 F.3d 1125, 1131, 1133 (9th Cir. 2016) (citation omitted).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.